IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MT. SHASTA TITLE AND ESCROW COMPANY, a California corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>PENNBROOK HOMES, an Oregon corporation; CITY OF MOUNT SHASTA, a California municipal corporation; and DOES 1 through 20,<br><br>        Defendants.<br>_____<br>PENNBROOK HOMES, an Oregon corporation;<br><br>        Cross-Complainant,<br><br>  v.<br><br>CITY OF MOUNT SHASTA, a California municipal corporation,<br><br>        Cross-Defendant.<br>_____ | 2:07-cv-963-GEB-EFB<br><br><br><br>AMENDED ORDER TO SHOW CAUSE[1] |

The Judge's review of the docket in this action indicated that the Clerk's default judgment against Cross-Defendant City of Mount Shasta on Cross-Complainant Pennbrook Homes' cross-complaint should not have entered because Pennbrook Homes appeared not to have properly served the City of Mount Shasta.

---

[1] This amended order amends and supersedes the order filed September 17, 2007.

1

1        On September 14, 2007, Pennbrook Homes and the City of Mount Shasta filed a Stipulation to Set Aside Default Judgment on Cross-Complaint, in which they seek a court order directing "the Clerk of the Court [to] vacate the entry of default and default judgment heretofore entered in this matter by Pennbrook Homes against the City of Mt. Shasta."  Accordingly, the entry of default and default judgment previously entered against Cross-Defendant City of Mount Shasta in this action are vacated.

         Further, Pennbrook Homes and its counsel are ordered to show cause ("OSC") in a writing to be filed no later than 2:00 p.m. on November 5, 2007 why sanctions pursuant to Federal Rule of Civil Procedure 11, Federal Rule of Civil Procedure 16(f), and/or the Court's inherent sanction authority, should not be imposed for misleading the court, in a declaration and a status report filed in this action, by suggesting that Cross-Defendant City of Mount Shasta had been properly served and therefore had the obligation to respond to service of process and failed to do so.[2]  If a hearing is requested on the OSC, that request is to be stated in the response.  If the OSC is heard, that hearing will commence at 10:00 a.m. on November 26, 2007, and counsel for Defendant Pennbrook Homes shall personally appear at that hearing since it is a sanction hearing.[3]

---

[2] Since the September 17, 2007 OSC addressed everything in this Order except for why sanctions pursuant to Federal Rule of Civil Procedure 11 should not be imposed, it is assumed that Pennbrook Homes' September 24, 2007 response to the September 17 OSC responded to all portions of this OSC, except for why sanctions pursuant to Federal Rule of Civil Procedure 11 should not be imposed.

[3] Counsel for Defendant Pennbrook Homes shall not ask to be excused from appearing at the hearing and shall not request to appear telephonically at the hearing.

1       Further, the Status Conference hearing and the hearing on
2  the Motion to Remand scheduled for October 29, 2007 are vacated
3  because those matters are submitted.
4       IT IS SO ORDERED.
5  Dated: October 26, 2007
6                                   _____
                                    GARLAND E. BURRELL, JR.
7                                   United States District Judge