```
                    IN THE UNITED STATES DISTRICT COURT

                  FOR THE EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| MT. SHASTA TITLE AND ESCROW COMPANY, a California corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>PENNBROOK HOMES, an Oregon corporation; CITY OF MOUNT SHASTA, a California municipal corporation; and DOES 1 through 20,<br><br>        Defendants.<br>_____<br>PENNBROOK HOMES, an Oregon corporation;<br><br>        Cross-Complainant,<br><br>   v.<br><br>CITY OF MOUNT SHASTA, a California municipal corporation,<br><br>        Cross-Defendant.<br>_____ | 2:07-cv-963-GEB-EFB<br><br><br><br><u>ORDER TO PAY SANCTIONS</u> |

On November 26, 2007, a sanctions hearing was held, during which Christopher J. Manfredi, counsel for Defendant and Cross-Complainant Pennbrook Homes, was given an opportunity to explain why

sanctions should not be imposed under Federal Rule of Civil Procedure ("Rule") 16(f), for his failure to file an accurate status report.

On August 31, 2007, on behalf of Pennbrook Homes, Mr. Manfredi filed a status report which stated that "[t]he City of Mt. Shasta has not appeared in this action, and has not responded to Mt. Shasta Title's complaint or Pennbrook's cross-claims.  Pennbrook has obtained a default judgment in its favor, and against the City of Mt. Shasta. . . ."  However, the Clerk's default and default judgment against the City of Mount Shasta on Pennbrook Homes' cross-complaint should not have entered because Pennbrook Homes did not properly serve the City of Mount Shasta with its cross-complaint.[1]  On September 13, 2007, in a document it filed entitled "Notice of Intent to File Stipulation to Vacate Default Judgment Entered Against Cross-Defendant City of Mount Shasta," Pennbrook Homes acknowledged that its service of the cross-complaint on the City of Mount Shasta, and the subsequent entry of default judgment against the City of Mount Shasta, were improper.

Sanctions may be imposed under Rule 16(f) if, inter alia, "a party or party's attorney is substantially unprepared to participate in [a scheduling] conference . . . unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust."  Since the Court need not hold a scheduling conference in every action, it follows that the

---

[1]   At the time Pennbrook Homes mail served the City of Mount Shasta with the cross-complaint, the City of Mount Shasta had not yet appeared in the action.  Parties who have not yet appeared must be personally served with a summons on a cross-complaint.  William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial, § 8:352.1 (The Rutter Group) ("Any new third party named in a cross-claim (or any party who has not yet appeared in the action) must be personally served with a summons on the cross-claim.").

2

preparedness obligation applies not only to the scheduling conference, but also to the status report the parties are obligated to file in advance of that conference.[2]  Fed. R. Civ. P. 16(b); 1993 Advisory Committee Notes to Fed. R. Civ. P. 16(b) ("[W]hile a scheduling order is mandated, a scheduling conference is not.").  Here, Mr. Manfredi's status report reveals that he was substantially unprepared to give an accurate status of his action when he prepared the report since that report contained inaccurate information about the City of Mount Shasta's status in the action.  Further, Mr. Manfredi's lack of preparation was not substantially justified, and no other circumstances make the imposition of a monetary sanction unjust.

> Mr. Manfredi contends that sanctions pursuant to FRCP 16(f) are not warranted [since] counsel for Pennbrook has acknowledged that he made a mistake with respect to the validity of the service of its cross-complaint on the City, and that as a result, representations contained [in] Pennbrook's application for entry of default and [status report] turned out to be inaccurate.  However, counsel for Pennbrook had no intent to mislead the Court, its staff, or any of the parties to this action.  In addition, upon learning of his mistake, counsel for Pennbrook promptly attempted to remedy the consequences of his error, and their impact on the Court and the parties. Counsel for Pennbrook has also apologized to the Court, its staff, and the other parties to this case.

However, Mr. Manfredi fails to explain why he did not do what any reasonably competent attorney should have done before he filed his status report: become reasonably assured that his representations in

---

[2]  In fact, the undersigned judge often does not hold scheduling conferences in cases in which a practicable scheduling order can be created without holding such a conference, in light of the statement in Rule 1 that the Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."

his status report were accurate.  "Such behavior is not only a mark of elementary professional competence, but is common sense to attorneys seeking to zealously represent the interests of their clients."  <u>Dela Rosa v. Scottsdale Mem'l Health Sys., Inc.</u>, 136 F.3d 1241, 1244 (9th Cir. 1998).

Moreover, to impose sanctions under Rule 16(f), "[i]t need not be shown that the party to be sanctioned was acting recklessly or in bad faith.  *Negligent failure to comply with* Rule 16 justifies imposition of appropriate sanctions."  <u>California Practice Guide: Federal Civil Procedure Before Trial</u>, § 15:81; <u>see also</u> <u>Ayers v. City of Richmond</u>, 895 F.2d 1267, 1269-70 (9th Cir. 1990) (upholding sanction where counsel failed to appear for a settlement conference because the date "slipped by him"); <u>Ikerd v. Lacy</u>, 852 F.2d 1256, 1258-59 (10th Cir. 1988) ("Neither contumacious attitude nor chronic failure is a necessary threshold to the imposition of sanctions under Rule 16 . . . .").  The primary purpose of sanctions in the Rule 16 context "is to insure reasonable management requirements for case preparation."  <u>Matter of Sanction of Baker</u>, 744 F.2d 1438, 1441 (10th Cir. 1984); <u>see also</u> 1983 Advisory Committee Notes to Fed. R. Civ. P. 16(f) ("[The] explicit reference to sanctions reenforces the rule's intention to encourage forceful judicial management.").

Thus, violations of Rule 16 are not merely technical or trivial, but involve a "matter most critical to the court itself: management of its docket," and the avoidance of unnecessary delays and problems in the administration of its cases.  <u>Baker</u>, 744 F.2d at 1441.

Since Mr. Manfredi has failed to provide sufficient justification for his substantial unpreparedness to participate in the scheduling of this action (which is evidenced by his failure to file a

4

status report that accurately reflected the current status of the action), and since Mr. Manfredi has indicated that he was responsible for the unpreparedness, Mr. Manfredi is sanctioned in the amount of TWO HUNDRED DOLLARS ($200.00).[3]  Mr. Manfredi shall pay the sanction to the Clerk of the Court for this District within fifteen (15) days from the date this Order is filed.  The check shall be made payable to the "United States Treasury."  Proof of payment must be sent to the undersigned judge's chambers within five (5) days of payment.

　　　　IT IS SO ORDERED.

Dated:  November 27, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[3]　　This sanction shall not be taxed to the client.