IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MT. SHASTA TITLE AND ESCROW CO., <br><br> Plaintiff, <br><br> v. <br><br> PENNBROOK HOMES and CITY OF MOUNT SHASTA, <br><br> Defendants. | 2:07-cv-963-GEB-EFB <br><br> ORDER[*] |

      Defendant City of Mount Shasta ("the City") moves to remand this action to Siskiyou County Superior Court, arguing that there is no basis for subject matter jurisdiction since there is no diversity of citizenship (both the City and Plaintiff Mt. Shasta Title and Escrow Co. ("Mt. Shasta Title") are California citizens) and there is no federal question jurisdiction under the federal interpleader statute. Mt. Shasta Title filed this interpleader action in California state court alleging that it holds certain funds in escrow and the City and Defendant Pennbrook Homes ("Pennbrook"), an Oregon

---

[*]     This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

corporation, present conflicting claims to the funds. (Compl. ¶ 5-6.) Pennbrook removed this action based on diversity jurisdiction and the federal interpleader statute, 28 U.S.C. § 1335. (Pennbrook's Am. Not. of Removal ¶ 5.)

Subject matter jurisdiction cannot be based on § 1335 since complete diversity is required to remove an action where jurisdiction would be under § 1335. See Fed. Ins. Co. v. Tyco Int'l Ltd., 422 F. Supp. 2d 357, 395 (S.D.N.Y. 2006) (holding that "a party may not remove a case that could have originally been brought in federal court under § 1335 where there is not complete diversity"); see also 14 Wright, Miller & Cooper, Fed. Prac. & Proc. § 3636, at 78-79 ("It also remains true that interpleader actions brought under state law and then removed to federal court must [have] . . . complete diversity of citizenship.").

Pennbrook argues, however, since the real controversy is between Pennbrook and the City, the parties should be realigned to establish diversity jurisdiction under 28 U.S.C. § 1332. (Pennbrook's Opp'n to Mot. to Remand ("Opp'n") at 2:1-4:15.) The alignment of parties in the complaint is not controlling for purposes of establishing diversity jurisdiction. City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941). Instead, a court must "look beyond the pleadings, and arrange the parties according to their sides in the dispute." Id. (internal citations omitted).

Since Mt. Shasta Title is a nominal party with no interest in the outcome of the litigation between Pennbrook and the City, Mt. Shasta Title's citizenship may be disregarded for diversity jurisdiction purposes. See Hidey v. Waste Sys. Int'l, Inc., 59 F. Supp. 2d 543, 546 (D. Md. 1999) (disregarding citizenship of escrow

1  agent who filed interpleader action).  Because the City and Pennbrook
2  are the parties with the actual dispute, they may be realigned before
3  determining whether complete diversity of citizenship exists under 28
4  U.S.C. § 1332.
5       Pennbrook contends that it "could have initiated litigation
6  against the City in federal court."  (Opp'n at 4:12-13.)  Further,
7  Pennbrook has filed cross-claims against the City for breach of the
8  implied covenant of good faith and fair dealing, fraudulent
9  concealment, and declaratory relief.  (See Pennbrook's Ans. & Cross-
10 Claim ¶¶ 13-31.)  Accordingly, Pennbrook is acting as the plaintiff in
11 this action.  However, if Pennbrook is realigned as the plaintiff and
12 the City remains the defendant, the motion to remand must be granted
13 because the City, as a California citizen, would not have been able to
14 remove this action from California state court.  See 28 U.S.C.
15 § 1441(b) ("Any [action] other [than federal questions] . . . shall be
16 removable only if none of the parties in interest properly joined and
17 served as defendants is a citizen of the state in which such action is
18 brought."); see Hidey, 59 F. Supp. 2d at 546 (finding that "if the
19 [in-state] parties remain defendants, removal would [have been]
20 improper," and remand motion would have to be granted).
21      Further, Pennbrook has not demonstrated any reason to
22 realign the City as plaintiff.  Since the removal statute is "strictly
23 construe[d] . . . against removal jurisdiction," Gaus v. Miles, Inc.,
24 980 F.2d 564, 566 (9th Cir. 1992), the City will not be realigned as
25 plaintiff. See O'Keefe, Ashenden, Lyons & Ward v. Nat'l Telecomms.
26 Consultants, Inc., 1991 WL 140130, at *1 (N.D. Ill. July 22, 1991)
27 (declining to realign the parties and granting motion to remand
28 "[b]ecause there is no reason why [one party] would not be defendant

3

1 | in any realigned action, other than a deliberate choice by this court
2 | made solely to retain jurisdiction").
3 |      Since subject matter jurisdiction has not been shown to
4 | exist in this action, the City's remand motion is granted and this
5 | action is remanded to the Superior Court of California for the County
6 | of Siskiyou.
7 |      IT IS SO ORDERED.
8 | Dated:  January 17, 2008

```
                                    _____
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge
```